IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| SIDNEY D. YOUNG, ) | CIVIL ACTION NO. 9:15-4854-JMC-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein he was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

The Defendant filed a motion to dismiss the Complaint on June 29, 2016, asserting that Plaintiff's Complaint was filed out of time. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on June 30, 2016, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case. Plaintiff thereafter filed a response in opposition to the Defendant's motion on June 30, 2016, to which the Defendant filed a reply brief on July 5, 2016. Plaintiff filed a supplemental response on



July 11, 2016.

As both parties have submitted matters outside the pleadings for the Court's consideration, the undersigned has considered the Defendant's motion pursuant to the standard for a Rule 56 motion for summary judgment, rather than as a motion to dismiss. Lake v. Astrue, No. 11-2107, 2012 WL 3135385 at *2 (D.S.C. Aug. 1, 2012)(citing Herbert v. Saffel, 877 F.2d 267-, 270 (4th Cir. 1989); Fayetteville Investors v. Commerical Builders, Inc., 936 F.2d 1463, 1471 (4th Cir. 1991)).

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and evidence submitted, the undersigned finds



for the reasons set forth hereinbelow that the Defendant is entitled to summary judgment in this case.

A civil action on any claim arising under Title II or Title XVI of the Social Security Act must be commenced within sixty (60) days of notice of an adverse decision, or within such further time as the Commissioner may allow. 42 U.S.C. § 405(g). The date of receipt is presumed to be five (5) days after the date of such notice, unless there is a reasonable showing to the contrary. See 20 C.F.R. § § 404.901, 422.210(c); see also Hyatt v. Heckler, 807 F.2d 376, 378 (4th Cir. 1986), cert. denied, 484 U.S. 820 (1987)[Upholding sixty day time limitation]. The Defendant has attached to her memorandum an affidavit from Kathie Hartt with the Office of Disability Adjudication and Review, Social Security Administration, wherein Hartt attests that the Appeals Council denied review of Plaintiff's adverse administrative decision on November 14, 2014, at which time Plaintiff was notified that he had sixty (60) days to commence a civil action in United States District Court (i.e., no later than January 19, 2015[1]). Plaintiff did not file his Complaint until December 7, 2015, well after his limitations period had expired, and Hartt further attests that she is not aware of Plaintiff requesting any extension of time to file a civil action.

Plaintiff contends that he is entitled to equitable tolling, arguing that he did not receive the November 14, 2014 letter and did not find out about the decision until May 2015. See Plaintiff's Memorandum in Opposition, pp. 1-2. However, while equitable tolling of the limitations period may be appropriate under some circumstances; Bowen v. City of New York, 476 U.S. 467,

---

[1] This calculation includes five (5) days after the date of the decision to account for mailing time. Therefore, Plaintiff's Complaint was due on the 65th day, which was Sunday, January 18, 2015. Pursuant to the Federal Rules of Civil Procedure, Rule 6(a)(1), the due date shall be extended to Monday if the due date falls on a Saturday. Fed. Civ. P. 6(a)(1). As such, the due date was Monday, January 19, 2015.



480 (1980); Plaintiff has not met his burden of showing that it is appropriate in this case.

Plaintiff argues that the November 14, 2014 letter was mailed to the wrong address, as listed in Defendant's memorandum on page one. However, that address is an obvious scrivener's error in Defendant's brief. Defendant correctly points out in her reply brief that the address on the letter sent to the Plaintiff matches the address Plaintiff lists as his correct address. See Court Docket No. 23-2, p. 5; see also Plaintiff's Memorandum in Opposition, pp. 1. Further, even assuming arguendo that Plaintiff did not receive notice of the decision until May 2015 (at which time even he concedes that he became aware of the decision and went to the Social Security Office), Plaintiff still failed to file his case within sixty (60) days of that claimed actual notice date. Rather, he waited over six (6) additional months before commencing this lawsuit.[2]

Therefore, Plaintiff has not shown that he is entitled to equitable tolling in this case. Cf. Hopkins v. Colvin, No. 12-2973, 2014 WL 4231257 at * 2 (D.S.C. Aug. 26, 2014)[Dismissing action and finding that Plaintiff failed to set forth any exceptional circumstances which prevented her from filing suit on time](citing Hyatt v. Heckler, 807 F.2d 376, 378 (4th Cir. 1986)); Lake, 2012 WL 3135385 at ** 4-5 (D.S.C. Aug. 1, 2012)[Declining to find Plaintiff entitled to equitable tolling and granting Defendant's motion for summary judgment based on Plaintiff's failure to timely file his federal lawsuit after receiving the adverse decision from the Appeals Council]; Williams v. Astrue, No. 09-3183, 2010 WL 2132278 at * 2 (D.S.C. May 24, 2010)[Declining to find Plaintiff entitled to equitable tolling and granting Defendant's motion to dismiss based on Plaintiff's failure

---

[2]In his supplemental response, Plaintiff changes his receipt date yet again, asserting that he and his counsel did not receive the letter at issue until June 2015. However, even using June 2015 as the date Plaintiff received actual notice of the adverse decision, Plaintiff still waited over five (5) additional months before filing this lawsuit.



to timely file his federal lawsuit sixty five (65)[3] days after the issuance of the adverse decision from the Appeals Council].

Based on the forgoing, it is recommended that the Defendant's motion for summary judgment be **granted**, and this case be **dismissed**.

The parties are referred to the notice on the next page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 29, 2016
Charleston, South Carolina



---

[3] The Court's calculation included the five (5) days after the date of the decision to account for mailing time.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

