# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Sidney D. Young, ) | |
| ) | Civil Action No. 9:15-cv-04854-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| Of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Sidney D. Young ("Plaintiff") filed this pro se action seeking a judicial review of the final decision by the Commissioner of Social Security ("Commissioner") pursuant to 42 U.S.C. § 405(g). (ECF No. 1.) The matter is before the court for review of the Report and Recommendation ("Report"), filed on August 29, 2016, recommending that this court grant Defendant's Motion to Dismiss.[1] (ECF No. 30.) For the reasons set forth below, the court **ACCEPTS** the Report (ECF No. 30), and **GRANTS** Defendant's Motion to Dismiss (ECF No. 23).

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. Thus, the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made and the court may accept, reject, or modify, in

---

[1] The court observes that Defendant filed a Motion to Dismiss, but the Honorable Bristow Marchant considered the Motion pursuant to Fed. R. Civ. P 56 because "both parties have submitted matters outside the pleadings for the Court's consideration." (ECF No. 30 at 2.)

1

whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The Social Security Act establishes an administrative scheme wherein the federal judiciary's role is limited. Section 405(g) of the Act provides, "[T]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964).

This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch,* 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson,* 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen,* 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek,* 438 F.2d at 1157-58. This court adheres to that responsibility and considers the record, the Report, and any objections in this case.

Plaintiff was advised of his right to file specific written objections to the Report within fourteen (14) days of the date of service. (ECF No. 30 at 6 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)).) Plaintiff filed his objection on September 9, 2016, stating verbatim:

> I Sidney D. Young [] am writing this letter for the disagreement of social security saying that they sent me a letter when everytime [sic] I would get anything my lawyer would already have it and this particular time in November 2015 I did not recieve [sic] a decision letter and neither did my lawyer. I am writing this letter for reason #2 is my lawyer had to relieve me because she said I missed my 60 day appeal window and there was nothing she could do in the scope of her [sic]

(ECF No. 32 at 1.)

The court determines that Plaintiff has failed to provide specific objections because they repeat arguments already considered by the Magistrate Judge. (*See* ECF No. 26.) As a result, the court is not obligated to provide *de novo* review. *See* Fed. R. Civ. P. 72(b)(3) (requiring a district judge to determine *de novo* any part of the magistrate judge's disposition that has been properly objected to). Therefore, the court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting an advisory committee note on Fed. R. Civ. P. 72).

After a thorough review of the record, the court finds the Report provides an accurate summary of the facts and law and does not contain any clear error. Therefore, the court **ACCEPTS** the Report (ECF No. 30), and **GRANTS** Defendant's Motion to Dismiss (ECF No. 23).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

November 28, 2016
Columbia, South Carolina

3